282 P.2d 339

**STATE of Utah, Respondent,**

v.

**Hugh BAILEY, Appellant.**

No. 8288.

Supreme Court of Utah.

April 15, 1955.

J. Vernon Erickson, Richfield, for appellant.

E. R. Callister, Atty. Gen., for respondent.

WORTHEN, Justice.

The defendant was charged within Garfield County, State of Utah, with wilfully and unlawfully driving a motor vehicle along U. S. Highway 89 about one mile east of Panguitch, Utah, while under the in-

fluence of intoxicating liquor, in violation of Section 41–6–44, U.C.A.1953, and by the information supplement, with having been convicted of a similar offense prior thereto.

The action was tried in Garfield County and the jury returned a verdict finding the defendant guilty of the offense charged in the information. The court found him guilty of the count in the information supplement. From the verdict of the jury and the decision of the court, the defendant appeals.

The defendant contends that the state failed to prove venue and the verdict of the jury is, therefore, contrary to the evidence; and further that no proof of a prior conviction was introduced and the evidence is therefore insufficient to support the judgment of the court on the information supplement.

■■■■ In support of the first of these contentions, the defendant argues that although both the defense and state witnesses located the place where the offense was committed at "Roller Mill Hill," there was no *direct* proof that the offense was committed in Garfield County, no evidence being offered that "Roller Mill Hill" is in Garfield County, and the location of an uncharted hill not being a proper object of judicial notice.

We feel it sufficient to quote from the recent case of State v. Mitchell, 3 Utah 2d 70, 278 P.2d 618, 620:

"As to 2): Some jurisdictions require that, in criminal cases, where venue is in issue, it must be proved beyond a reasonable doubt, and others by a preponderance. Some authorities, including this court, *permit venue to be established inferentially* by circumstantial evidence. We believe and hold that, however it is proved, it must be done by a preponderance of the evidence only and not beyond a reasonable doubt, since venue is not an element of the offense, and there seems to be no reason to require the same quantum and quality of proof to prove venue as is required to prove such elements." (Italics ours.)

Venue has been sufficiently established in this case as being in Garfield County. The trial court would take judicial notice that Panguitch is in Garfield County, and of its location within the county. The testimony offered adequately established that the offense was committed at a point about one mile east of Panguitch. The witnesses of both the defense and the state located the point of arrest and alleged commission of the offense at a point between "Roller Mill Hill" and Panguitch, and two of them located it more specifically as being "just east of Panguitch" and "maybe a half a mile from the last house on the highway * * * this side of that hill a ways." From such testimony it may reasonably be inferred that the offense was committed in Garfield County, judicial notice having

been taken of the location of Panguitch within said county. The testimony of defendant himself, as to his direction and line of travel, leads to the same inference.

The court in its instructions correctly charged the jury that in order to find the defendant guilty as charged in the Information, they must find that the said driving occurred in Garfield County, as charged. This the jury must have done.

Nothing said herein should be taken as an indorsement of any action by the state in failing to offer direct proof of venue when it is available, as it was in this case.

As to the second of defendant's contentions, that there was no proof of a prior conviction, we find no merit. The docket of the Justice of the Peace, serving at the time of the alleged prior offense, was offered in evidence by the state, calling special attention to the page and entry in question. The defendant stipulated that the exhibit offered was the docket of the said Justice of the Peace, and that the entry in question was made in the handwriting of said Justice of the Peace. The court received it for whatever it was and whatever it said.

The docket of the Justice having been introduced and received in evidence, the page having been identified, and further, the verity of the entry having been stipulated to in open court as being in the handwriting of the said Justice, the entry be-

came, under Section 78–5–16, U.C.A.1953, prima facie evidence of the facts so stated, and no evidence to the contrary having been offered, must be presumed to be correct. It must further be presumed that the decision of the court is based upon its examination of this docket and is in accordance therewith. The evidence as offered was sufficient to support the decision of the court in this case.

The action of the lower court must be affirmed.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.